**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

In re:

                                                                              Chapter 13
                                       Case No.: 23-15726-LMI

**Tora Latoya Levy**,

      Debtor,

_____/

**OBJECTION TO CONFIRMATION OF**
**DEBTOR'S PROPOSED CHAPTER 13 PLAN [D.E. 9]**

      Secured Creditor, U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE CHALET SERIES IV TRUST, its successors and/or assignees ("**Secured Creditor**"), objects to confirmation of Tora Latoya Levy's (the "**Debtor**") proposed Chapter 13 Plan [D.E. 9] filed on July 31, 2023, and states:

      1.     Secured Creditor holds a secured claim by virtue of that certain promissory Note dated October 4, 2005, which is secured by a Mortgage recorded on October 18, 2005 as Document Number 2005R1097967, in OR Book 23886, Page 1961, in the Public Records of Miami-Dade County, Florida, encumbering real property located at *20100 SW 84 Place, Miami, FL 33189* ("**Property**").

      2.     On July 21, 2023 ("**Petition Date**"), the Debtor filed a Voluntary Petition under Chapter 13 of the United States Bankruptcy Code.

      3.     On July 31, 2023, the Debtor filed the proposed Chapter 13 Plan [D.E. 9] which proposes to cure a pre-petition arrearage of $75,000.00 with a balloon payment of $70,000.00 in month 36 and pay a post-petition payment of $3,100.00 in months 1-36.

      4.     The total estimated claim amount owed to Secured Creditor is $309,226.42. The total estimated pre-petition arrearage owed to Secured Creditor is $148,585.73. The monthly

post-petition contractual payment owed to Secured Creditor is $1,240.67. Secured Creditor will file its proof of claim by the Bar Date of September 29, 2023.

5. The Debtor's Plan does not provide for cure of the full pre-petition arrearage owed to Secured Creditor. As a result, the Plan does not meet the full value requirement and fails to satisfy 11 U.S.C. §1325(a)(5)(B)(ii). Accordingly, the Debtor will be required to amend their plan to fully provide for the pre-petition arrears owed to Secured Creditor.

6. The Plan does not propose a reasonable schedule, and time period, for the payment of arrearages on the Mortgage obligations of the Debtor. The payoff period and monthly repayment amount proposed by Debtor is unreasonable considering Debtor's past non-payment history. Further, the proposed balloon payment of $70,000.00 in month 36 is directly contrary to 11 U.S.C § 1325(a)(5)(B)(ii) which requires that payments be made in equal monthly amounts. To cure the actual pre-petition arrearages within 60 months, Secured Creditor must receive $2,476.42 per month from the Debtor through the Plan.

9. The plan does not comply with 11 U.S.C. §1325 and is not feasible because it fails to properly provide for the treatment of Secured Creditor's claim. Here the Debtor has listed on Schedule I and J net monthly income in the amount of $4,070.00. Such amount is insufficient to fund the plan and fully provide for Secured Creditor's claim. As a result, the proposed Chapter 13 Plan is not feasible. Therefore, the Plan cannot be confirmed. 11 U.S.C. §1325(a)(6).

**WHEREFORE**, Secured Creditor respectfully objects to confirmation of the proposed Plan and requests the following:

1. That confirmation of the proposed Chapter 13 Plan be denied;
2. For attorney's fees and costs incurred herein;
3. For such other and further relief that this Court deems just and proper.

**Dated: August 16, 2023**

                        Respectfully submitted,

                        **GHIDOTTI | BERGER, LLP**
                        *Attorneys for Secured Creditor*
                        1031 North Miami Beach Blvd.
                        North Miami Beach, FL 33162
                        Telephone: 305.501.2808
                        Facsimile: 954.780.5578
                        bknotifications@ghidottiberger.com

                        By: /s/ Melbalynn Fisher
                        Melbalynn Fisher, Esq. (FL Bar #107698)

## CERTIFICATE PURSUANT TO LOCAL RULE 9011-4 (B)(1)

    I certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court as set forth in Local Rule 2090-1(A).

                        By: /s/ Melbalynn Fisher
                            Melbalynn Fisher, Esq.

## CERTIFICATE OF SERVICE

    On August 16, 2023, I served the foregoing document described as Objection to Confirmation of Debtor's Proposed Chapter 13 Plan on the following individuals by electronic means through the Court's ECF program:

**COUNSEL FOR DEBTOR**
Jordan E. Bublick, Esq.            ecf@bublicklaw.com

**CHAPTER 13 TRUSTEE**
Nancy K. Neidich                    e2c8f01@ch13miami.com


**U.S. TRUSTEE**
USTPRegion21.MM.ECF@usdoj.gov



By depositing true copies thereof in the United States mail at North Miami Beach, Florida, enclosed in a sealed envelope, with postage paid, addressed as follows:

**DEBTOR**
Tora Latoya Levy
20100 SW 84 Pl
Miami, FL 33189


    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

By: /s/ Melbalynn Fisher<br>Melbalynn Fisher, Esq.